IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENN GOODSON, #270989, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:14-CV-830-WHA |
| | ) [WO] |
| | ) |
| ROBERT BENTLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on August 6, 2014, challenging the conditions of confinement to which he is subjected at the Decatur Work Release Facility. Plaintiff also complains that any funds correctional officials deduct from his work release earnings in excess of 40% violates state law and, thereby, his federal constitutional rights to due process.[1] However, upon initiation of this case, Plaintiff did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account

---

[1] Ala. Code § 14-8-6 provides, in pertinent part, as follows:

The employer of an inmate involved in work release shall pay the inmate's wages directly to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate's earnings the cost incident to the inmate's confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 per cent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate's earnings shall be credited to his or her account with the department....

clerk. Thus, the court did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case and therefore entered an order requiring that Plaintiff provide the court with the necessary information on or before September 2, 2014. *Order of August 18, 2014 - Doc. No. 3* at 1-2. The court specifically cautioned Plaintiff that failure to comply with this order would result in a recommendation that this case be dismissed. *Id*. at 2.

As of the present date, Plaintiff has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court. It is further

ORDERED that on or before October 2, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 18th day of September, 2014.


                                            /s/ Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE